**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BAHAA KALASHO,

    Plaintiff,

v.

                              Case No. 04-CV-70859-DT

                              HONORABLE DENISE PAGE HOOD

PATRICIA CARUSO, GERALD HOFBAUER,
THOMAS BIRKETT, FRED LOCKWOOD,
A. MCNAMARA, S. WILLIAMSON, SALLY
YORK, J. FORSHEE, V. NOMELLINI,
C. BERRY, M. BRETHAUER, and JANE DOE 1-2,

    Defendants.
_____/

**ORDER REGARDING REPORT AND RECOMMENDATION**

**I.    BACKGROUND**

On March 31, 2005, the Court issued an Order Accepting in Part and Rejecting in Part the Magistrate Judge's Report and Recommendation. Defendants Gerald Hofbauer and V. Nomellini were dismissed from the lawsuit. All personal mail claims were dismissed. The legal mail claims involving mail from the courts and from Plaintiff's attorney received after September 18, 2003 remained. The legal mail claims involving mail from the Prison Legal Services of Michigan and the Attorney General's Office also remained pending discovery.

The Court referred the matter back to the Magistrate Judge who issued a Scheduling Order allowing the parties to engage in discovery until June 13, 2005. This matter is before the Court on the Magistrate Judge's Report and Recommendation addressing Defendants' Motion for Summary Judgment and Plaintiff's cross-Motion for Summary Judgment. The parties also filed various motions which the Court addresses below.

**II.     ANALYSIS**

    **A.     Standard of Review**

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* There is no *per se* rule requiring a magistrate judge consider all the arguments raised by a party or a district court to undertake a detailed discussion of every objection a party may raise to the report and recommendation. *See, Ivy v. Secretary of HHS,* 976 F.3d 288, 289 (6th Cir. 1992)(holding that the only requirement is "an indication that the district judge or magistrate judge has reviewed and considered each major, relevant, and well-articulated contention of the parties.").

    **B.     Legal Mail**

        **1.     Injunctive Relief**

The Magistrate Judge recommends that Defendants' Motion for Summary Judgment should be granted and that of Plaintiff denied since Plaintiff has shown no intentional interference with Plaintiff's constitutional rights by the handling of his legal mail. (R&R, p. 1) The Magistrate Judge noted that Plaintiff's claim for equitable relief is now moot based on Plaintiff's acknowledgment at his deposition that a policy directive requiring legal mail to be opened and inspected in the present of the prisoner requesting special handling mooted his request for injunctive relief. (R&R, p. 7; Ex. 2, p. 17 to Defendants' 2nd Motion for Summary Judgment) Plaintiff's claim for equitable relief is dismissed.

        **2.     Punitive Damages**

The Magistrate Judge recommends that Plaintiff need not be awarded punitive damages. The

Magistrate Judge found that Plaintiff failed to establish why it is necessary to punish Defendants who were merely following MDOC policy regarding prisoners legal mail. Punitive damages may be awarded in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected right of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The Sixth Circuit has noted that summary judgment is generally not well suited for cases in which motive and intent are at issue and in which one party is in control of the proof. *Perry v. McGinnis,* 209 F.3d 597, 600 (6th Cir. 2000). In this case, "motive" or "intent" is not a factor required in a First Amendment legal mail analysis. The First Amendment protects a prisoner's right to receive mail, "but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). There is heightened concern when prison officials place restrictions on legal mail. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). The prisoner's First Amendment right is violated if the restrictions are implemented in an arbitrary or capricious manner. *See Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

The Court previously found Plaintiff presented a cognizable constitutional claim on his legal mail claim after September 18, 2003. Since motive or intent is not a factor in a First Amendment claim, the issue of punitive damages claim should be brought before the trier of fact. The Court notes that Defendants are in control of the prisoner mail logs.

Although Plaintiff did not specifically request compensatory damages in his Complaint, the Court allows Plaintiff to add such a request. Plaintiff filed the complaint *pro se.* Courts are to interpret a *pro se's* pleadings and papers liberally. *Hughes v. Rowe*, 499 U.S. 5, 9 (1980); *Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972).

### 3. Lack of Personal Involvement

The Magistrate Judge recommends that Plaintiff's complaint against the individual defendants should be dismissed because Plaintiff has failed to allege some specific, personal wrongdoing on the part of each individual defendant and that theories of vicarious liability or *respondeat superior* are not sufficient, citing *Rizzo v. Goode,* 423 U.S. 362, 376 (1976).

As this Court noted in its previous Order, the Complaint itself does not allege specific violations, sufficiently pled constitutional violations in connection with the opening of his legal mail based on the grievance appendix attached to his Complaint. The Court referred the matter back to the Magistrate Judge and the parties were allowed to conduct discovery. It appears Plaintiff's deposition was taken, it does not appear that any significant discovery was initiated by Plaintiff, who at the time was represented by counsel. Plaintiff has now filed a motion to allow withdrawal of his counsel and to proceed *pro se.* Plaintiff also requested additional discovery in his papers. Plaintiff has submitted an offer of proof regarding the personal involvement of the remaining Defendants obtained through the Michigan's Freedom of Information Act ("FOIA"). The Court is concerned that Plaintiff had to go through this avenue to obtain discovery especially since he was entitled to discovery as a party in this litigation in accordance to the Civil Rules of Procedure.

The Sixth Circuit has ruled that the determination of whether particular kinds of correspondence qualify for the constitutional protection accorded a prisoner's legal mail is a question of law to be decided by the court, not one of fact that can be submitted to the jury. *Sallier v. Brooks,* 343 F.3d 868, 873 (6th Cir. 2003). Prior to trial, the court must determine which letters are legal mail and only the mail the court determines is legal mail may be submitted to the jury. *Id.*

at 880. Here, Plaintiff obtained copies of the mail log through an FOIA request. There is now some evidence that such a log is maintained by the Michigan Department of Corrections ("MDOC").

The Court orders Defendants to produce to Plaintiff the prisoner mail logs after September 28, 2003 until the end of October 2003 which include the mail items numbers 59-64 set forth in Plaintiff's November 13, 2003 Grievance, SMF-03-11-4078-15g. (App. 26-28 to Plaintiff's Complaint) These mail claims are exhausted since the grievance went through Step III. These mail items only are properly before the Court. No other legal mail claims are before the Court. Defendants are to identify which individuals handled the mails involving items 59-64, including supervisors. Defendants must submit and file an Affidavit with the mail logs attached and the identity of the individuals who handled the mails, including the supervisors. Defendants may redact the other items on the log which are not related to these items.

Given that Plaintiff submitted some evidence as to the identity of the persons opening his legal mail, the Court denies without prejudice Defendants' Motion to Dismiss based on lack of personal involvement pending the submission of the above-stated documents. The Court cannot determine with certainty the identity of the persons who opened the mail based solely on Plaintiff's submission.

The Court, having previously denied Defendants' motion based on qualified immunity, again denies Defendants' motion based on the same qualified immunity argument. Defendants' motion is an untimely motion for reconsideration on the qualified immunity argument.

The Court also denies Defendants' motion to dismiss Defendant Caruso and others based on the *respondeat superior* argument in light of the fact that a Policy Directive was issued regarding opening legal mail outside the Plaintiff's presence. Defendants have not submitted any law that a

superseding Policy Directive renders a plaintiff's claim moot based on the old Policy Directive.

### C. Pending Motions

The parties filed various motions which are pending before the Court. The Court grants Plaintiff's Motion to Substitute Counsel, considered by the Court as a Motion to Withdraw Plaintiff's current counsel.

Plaintiff's Omnibus Motion dated March 29, 2006 and filed April 5, 2006 is granted in part and denied in part. The Court grants Plaintiff's request to remove his counsel, as noted above, and allows Plaintiff to proceed *pro se*. The Court will not stay the proceedings but allows discovery as noted above. The Court will also not allow reinstatement of the claims against the Marquette Branch Prison since such a motion is an untimely motion for reconsideration and such a request would be denied by the Court based on the Court's March 31, 2005 Order. The Court will not allow Plaintiff to file a supplemental complaint to add Defendants from the Baraga Maximum Correctional Facility and additional allegations of violation of Plaintiff's legal mail claim because the Court has found the only legal mail claims properly before the Court are the claims specifically noted above. No supplemental briefs are necessary regarding the summary judgment motion.

Both Plaintiff and Defendant's Motions to Strike the Pleadings are denied given that Plaintiff is now proceeding *pro se* and Kevin Himebaugh has appropriately filed an appearance in this case on behalf of Defendants.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation **(Docket No. 45, filed October 24, 2005)** is REJECTED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment **(Docket No. 38, filed September 9, 2005)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Docket No. 41, filed September 15, 2005)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Substitute Counsel **(Docket No. 48, filed April 5, 2006)**, considered by the Court as a request to withdraw Plaintiff's counsel, is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Omnibus Motion **(Docket No. 49, filed April 5, 2006)** is GRANTED IN PART and DENIED IN PART as set forth above.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiff's Motion **(Docket No. 51, filed April 10, 2006)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' papers **(Docket No. 52, filed April 21, 2006)** is DENIED.

IT IS FURTHER ORDERED that Defendants produced the documents noted above to Plaintiff and to the Court within 15 days from the date of this Order.

IT IS FURTHER ORDERED that this matter is REFERRED back to the Magistrate Judge for the limited discovery noted above and to prepare the parties to submit a Joint Final Pretrial Order as required by the Local Rules. Once the parties have prepared a Joint Final Pretrial Order, the Magistrate Judge will so inform the undersigned's Case Manager and a Final Pretrial Conference will be set.

      /s/ DENISE PAGE HOOD
      DENISE PAGE HOOD
      United States District Judge

DATED: September 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2006, by electronic and/or ordinary mail.

      S/William F. Lewis
      Case Manager