UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAHAA S. KALASHO,

    Plaintiff,                                         Case No. 04-CV-70859-DT

v.                                               HONORABLE DENISE PAGE HOOD

PATRICIA CARUSO, et al.,

    Defendant.

_____/

## ORDER RE: REPORT AND RECOMMENDATION

### I.    Introduction

This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation dated May 31, 2007. Plaintiff filed objections to the Report and Recommendation on June 15, 2007.

Plaintiff, a prisoner at Standish Maximum Correctional Facility (SMF), initiated this action pursuant to 42 U.S.C. § 1983 against numerous employees of the Michigan Department of Corrections (MDOC). In his Complaint, Plaintiff alleges that Defendants violated his constitutional rights by opening and otherwise interfering with both his personal and legal mail outside of his presence, despite his written request for such mail to be opened only in his presence.

On June 3, 2004, Defendants filed a Motion to Dismiss and/or for Summary Judgment, which the Magistrate Judge recommended be granted in full. On March 31, 2005 this Court issued a decision accepting in part and rejecting in part the Magistrate Judge's Report & Recommendation, and granting in part and denying in part Defendants' Motions. On September

9, 2005, Defendants filed another Motion for Summary Judgment, which this Court denied on September 28, 2005. Subsequent to these decisions, Plaintiff was allowed to continue with his claims regarding the opening of, and interference with certain pieces of legal mail received after September 18, 2003; and the case was referred back to the Magistrate Judge to rule on all pretrial matters.

On November 29, 2006, the Plaintiff filed an Amended Complaint in which he sought to add a party Defendant. Defendants then filed a Renewed Motion for Summary Judgment on December 4, 2006. In support of this Motion, Defendants argue that Plaintiff has failed to establish the personal involvement of all of the Defendants except two, each of whom the Defendants claim is entitled to qualified immunity. Additionally, Defendants argue that the Plaintiff's request for compensatory damages is barred by the Prison Litigation Reform Act.

In response to these allegations, Plaintiff first argues that the Defendants were personally involved and that he has proven this element of a §1983 claim. Next, Plaintiff argues that Defendants' qualified immunity argument has already been decided by the Court, and that the case law that Defendants rely on is inappropriate. Finally, Plaintiff argues that he is entitled to bring his claim for compensatory damages as case law in the Sixth Circuit has held that the Prison Litigation Reform Act (PLRA) is unconstitutional to the extent that it prohibits a prisoner from bringing a claim for damages resulting from a violation of his First Amendment rights.

On May 31, 2007, the Magistrate Judge issued a Report & Recommendation on Defendants' Renewed Motion for Summary Judgment recommending that it be granted in full. In support of this conclusion, the Magistrate Judge found that the Plaintiff failed to establish the personal or direct involvement of Defendants Caruso, Birkett, Lockwood, McNamara,

Williamson, Forshee, and Brethauer as required for a §1983 claim for damages. In regard to the remaining Defendants, Berry and Niernberg, the Magistrate Judge found that there was sufficient evidence to conclude that they had opened Plaintiff's legal mail outside of his presence, and were personally and directly involved in the violation of Plaintiff's constitutional rights. The Magistrate Judge found, however, that these two Defendants are entitled to qualified immunity, as such, they are not liable to Plaintiff for damages under §1983. (Docket #84, at 7-8).

In determining whether or not Defendants Berry and Niernberg are protected by qualified immunity, the Magistrate Judge first looked at the Supreme Court test as stated in *Harlow v. Fitzgerald* which requires: (1) a court to determine whether a constitutional right has been violated; and (2) whether the violation involved a clearly established constitutional right of which a reasonable person would have known. 457 U.S. 800, 818 (1982). The Magistrate Judge also considered an additional third prong to this test, that some Sixth Circuit panels and district courts have added to the qualified immunity test, asserting that this inquiry involves three steps, instead of two. *See Barnes v. Wright*, 449 F.3d 709, 715 (6th Cir. 2006); *see also Feathers v. Aey*, 319 F. 3d 843, 848 (6th Cir. 2003); *Farah v. Wellington*, 2007 U.S. Dist. LEXIS 16804 (N.D. Ohio 2007)(unpublished); *Clark v. Robertson*, 2007 U.S. U.S. Dist. LEXIS 15549 (E.D. Tenn. 2007)(unpublished). This third prong requires a court to determine whether the Plaintiff has offered sufficient evidence demonstrating that Defendants' actions were objectively unreasonable in light of Plaintiff's clearly established constitutional right. *See Feathers*, 319 F. 3d at 848.

In applying this test, the Magistrate Judge concluded that even though Plaintiff may have shown that he has a constitutional right to have his legal mail opened in his presence; he has not

provided sufficient evidence to indicate that the actions of Defendants Berry and Niernberg were objectively unreasonable in light of this constitutional right.  By opening Plaintiff's legal mail to check for contraband, the Magistrate Judge noted that Defendants Berry and Niernberg were merely following an "established agency policy which was promulgated in an effort to achieve a legitimate penological objective."  (Dkt. No. 84, p. 9)  The Magistrate Judge also noted that pursuant to this policy, and to protect Plaintiff's privacy, the Defendants did not read his mail.  The Magistrate Judge concluded that it was not objectively unreasonable for Defendants, as prison employees, to follow a policy when they may face disciplinary consequences for their failure to do so.  *Id.*

The Magistrate Judge also addressed Plaintiff's claim for compensatory damages.  The Magistrate Judge noted that in Plaintiff's Amended Complaint he seeks compensatory damages for emotional injuries resulting from the violation of his constitutional rights; however, the Plaintiff does not allege or seek damages for any physical injuries. The Magistrate Judge notes that the PLRA specifically prohibits all civil actions brought by prisoners seeking monetary damages for emotional injuries without a showing of physical injury.   The Magistrate Judge found that Plaintiff has only alleged emotional injury, as such, his claim for monetary relief is barred.  Based on the above, the Magistrate Judge concluded that Plaintiff has failed to allege a compensable constitutional violation so the Defendant's Renewed Motion for Summary Judgment should be granted and the Plaintiff's Complaint should be dismissed.  Additionally, Defendant Niernberg's Motion to Join her Co-Defendants' Motion for Summary Judgement should be granted.

**II. Law & Analysis**

**A. Standard of Review**

In order to preserve the right to appeal a Magistrate Judge's recommendation, a party is obligated to file objections to the Report and Recommendation within ten days of service of a copy, as required by 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Plaintiff filed timely objections to Magistrate Judge's recommendation on June 15, 2007.

The standard of review to be employed by the Court when considering a Report & Recommendation is set forth in 28 U.S.C. §636. The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made". 28 U.S.C. §636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate". *Id.*

**B. Report and Recommendation**

The Court, after having an opportunity to review this matter adopts and accepts in part the Magistrate Judge's Report and Recommendation, for the reasons set forth below.

In response to the Magistrate Judge's conclusions regarding the personal involvement of the various Defendants, the Court agrees that Plaintiff has only established the personal involvement of Defendants Berry and Niernberg. The Court also agrees with the Magistrate Judge that these Defendants are entitled to qualified immunity, which bars Plaintiff's claim for

damages.[1]

**IV. Conclusion**

Accordingly,

IT IS ORDERED that Magistrate Judge Donald Sheer's Report and Recommendation **[Docket No. 84, filed May 31, 2007]** is ACCEPTED IN PART and ADOPTED IN PART as

---

[1] Although the Court agrees with the Magistrate Judge's conclusion on this issue, the Court notes that the Magistrate Judge applied the two prong test set out in *Harlow*, as well as what he referred to as a 'recently added' third prong to the qualified immunity test. The Court notes that this third prong, used by some Sixth Circuit panels and district courts is a part of, and incorporated into the two prong qualified immunity analysis. *See Humphrey v. Mabry*, 482 F. 3d 840, 847 fn. 2) (6th Cir. 2007) (Finding that the distinction between the two-prong and three-prong qualified immunity tests is immaterial.)

Additionally, although the Court acknowledges the issue of emotional distress damages under § 1997e(e) is essentially moot, as the only Defendants found to have had any personal involvement with the opening of Plaintiff's legal mail are entitled to qualified immunity, the Court notes that a §1983 plaintiff-prisoner's First Amendment claim is not necessarily barred from recovery of money damages. *See Shabazz v. Martin*, 2006 U.S. Dist. LEXIS 7207 ("The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." *Id.* at *20. (*Quoting Canell v. Lightner*, 143 F. 3d 1210, 1213 (9th Cir. 1998)); *See also, Siggers-El v. Barlow*, 433 F. Supp. 2d 811 (E.D. Mich. 2003)(Tarnow, J.)(Denying the defendant's motion for new trial where jury awarded the plaintiff mental and emotional damages for a retaliatory transfer. The court found § 1997e(e) unconstitutional as applied to the facts of the case, and that the jury was entitled to award mental or emotional damages as result of the defendant's First Amendment violation. *Id.* at 816. )). In rendering its decision, the *Siggers-E*l court relied upon the reasoning in *Percival v. Rowley*, 2005 WL 2572034 (W.D. Mich. 2005) (unpublished) (Enslen, J.), where the court stated:

> [S]eldom is the case when a prisoner will actually sustain a physical injury from a First Amendment deprivation. Rather, the harms proscribed by the First Amendment, Due Process, or Equal Protection are assaults on individual and personal liberty, even on spiritual autonomy, and not physical well-being. To allow section 1997e(e) to effectively foreclose a prisoner's First Amendment action would put that section on shaky constitutional ground.

(*Id.* at *2)(Internal quotations and citations omitted).

explained above.

IT IS FURTHER ORDERED that Defendants' Renewed Motion for Summary Judgment **[Docket No. 73, filed December 4, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Defendant Niernberg's Motion to Join her Co-Defendants **[Docket No. 82, filed February 26, 2007]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

Dated:  September 24, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2007, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager